| | |
|---|---|
| 1 | Caitlin C. Blanche (SBN 254109)<br>Caitlin.blanche@klgates.com |
| 2 | Damon M. Pitt (SBN 291473)<br>Damon.pitt@klgates.com |
| 3 | **K&L GATES LLP**<br>1 Park Plaza, 12th Floor |
| 4 | Irvine, CA 92614<br>Telephone: 949.253.0900 |
| 5 | Facsimile: 949.253.0902 |
| 6 | David R. Osipovich (*pro hac vice* pending)<br>David.osipovich@klgates.com |
| 7 | Jessica L.G. Moran (*pro hac vice* pending)<br>Jessica.Moran@klgates.com |
| 8 | **K&L GATES LLP**<br>210 Sixth Avenue |
| 9 | Pittsburgh, PA 15222<br>Telephone: 412.355.6500 |
| 10 | Facsimile: 412.355.6501 |
| 11 | *Attorneys for Plaintiff TireHub, LLC* |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIREHUB, LLC,<br><br>             Plaintiff,<br><br>v.<br><br>MR. D'S TIRE SERVICE,<br><br>             Defendants. | Case No.: 5:21-cv-1087<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT**<br>2. **NEGLIGENT MISREPRESENTATION**<br>3. **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**<br>4. **CONVERSION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TireHub, LLC ("TireHub" or "Plaintiff"), files this Complaint against Defendant Mr. D's Tire Service ("Mr. D's" or "Defendant"), alleging as follows:

**COMPLAINT**

## STATEMENT OF THE ACTION

1. TireHub, a national wholesale tire distributor, brings the instant action against Mr. D's, a regional seller of consumer and commercial grade tires and tire services, to recover inventory and monetary damages stemming from misapplied reimbursement credits, resulting in losses of over $600,000 to TireHub.

2. As part of a sales incentive program with Goodyear Tire & Rubber Company ("Goodyear"), Mr. D's purchased certain Goodyear brand tires through TireHub and purportedly delivered them to Mr. D's customers. Mr. D's then submitted sales reports to Goodyear requesting reimbursement credits. Based on the sales reports sent to Goodyear (which Goodyear, in turn, provided to TireHub), TireHub issued reimbursement credits to Mr. D's. Mr. D's then used those reimbursement credits, as part of the sales incentive program, to purchase more tires from TireHub.

3. In November 2020, TireHub uncovered that Mr. D's had requested and received substantial credits over a period of approximately 15 months based on inaccurate reports that sought reimbursement for services that Mr. D's never rendered and/or reflecting tires never actually delivered to Mr. D's customers. In fact, certain TireHub and Goodyear customers, after receiving invoices based on the purchases reported by Mr. D's, reported that they never received hundreds of tires or various services for which they were billed.

4. As a result of these inaccurate sales reports, Mr. D's obtained the benefit of hundreds of tires—which it never actually sold—and at least $615,000 in reimbursement credits to which it was not entitled.

5. Once TireHub discovered the problem, it approached Mr. D's on multiple occasions to resolve the discrepancies, arrange for Mr. D's to return the unsold inventory, and repay TireHub for any additional losses. Defendant's owner, Larry Duffner, in response to TireHub's inquiries, acknowledged the issue and admitted to

recently terminating an employee who had been processing these transactions, but he ultimately never reimbursed TireHub or returned any outstanding inventory.

6. As a result of Mr. D's refusal to reimburse TireHub and engage in any further attempts to remedy this problem, TireHub now brings suit.

## THE PARTIES

7. Plaintiff TireHub is a limited liability company. Its members are Goodyear, a Delaware company with its principal place of business in Ohio, and Dawson Member, LLC ("Bridgestone"), a Delaware limited liability company with its principal place of business in Tennessee.

8. Defendant Mr. D's Tire Service is a California corporation with its principal place of business at 1010 E. Main Street, Barstow, California 92311.

## JURISDICTION AND VENUE

9. This Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between diverse citizens.

10. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(1) as the defendant is a California company with its principal place of business in Barstow, California.

11. This Court has general personal jurisdiction over Mr. D's because it is a California corporation with its principal place of business in California.

12. This Court also has specific personal jurisdiction over Mr. D's because the events that give rise to this action took place in this jurisdiction.

## FACTUAL BACKGROUND

13. TireHub is a national tire distributor that delivers the full passenger and commercial light truck portfolios of Goodyear and Bridgestone to tire and automotive retailers.

14. Mr. D's is a regional tire distributor and automotive service center that sells tires and provides services for both passenger and commercial vehicles.

**Mr. D's Participation in the G3X Program**

15. For over 30 years, Mr. D's has been enrolled in Goodyear's G3X sales program (the "G3X Program"), which is an incentive program designed to encourage customers like Mr. D's to purchase certain Goodyear-brand consumer tires, commercial tires, off-road tires, and tread rubber products.

16. As part of the G3X Program, Mr. D's purchases tires through TireHub, a licensed Goodyear distributor. Under the G3X Program, tire dealers like Mr. D's may exchange earned credits from Goodyear related to volume or other incentives. Goodyear also provides reimbursement credits to the G3X dealer to compensate it for tires delivered to a Goodyear customer (referred to herein as a "National Account"). The G3X dealer may also provide services to a National Account, such as installing tires, performing oil changes, and other services to the National Account customers' vehicles. Goodyear is responsible for invoicing the National Account. The G3X dealer (like Mr. D's) submits information related to sales, tire deliveries, and services it makes to the National Accounts to Goodyear, through Goodyear's online portal, TireHQ. Goodyear passes the corresponding credits to the G3X dealer through TireHub, who then places the credit on the account of the G3X dealer (like Mr. D's) so that the dealer can apply the credits to open invoices or future purchases from TireHub.

17. Additionally, TireHub customers like Mr. D's may earn reimbursement credits related to the mileage and service charges for emergency road calls. Those credits are also processed through TireHub, to be placed on Mr. D's customer account, which can then be used to pay open invoices or for future product purchases.

**Mr. D's Purchases Tires from TireHub**

18. Since 2018, Mr. D's has purchased its Goodyear tires from TireHub, its selected authorized wholesale distributor under the G3X Program.

19. During this period, Mr. D's placed certain orders with TireHub using TireHub's online ordering system as well as placing orders over the telephone.

-3-
COMPLAINT

20. When a customer places an order through TireHub's online ordering system, TireHub generates an electronic purchase order, which sets forth the type and quantity of tires purchased. If ordered over the telephone, a TireHub representative inputs the purchase information and generates the purchase order.

### TireHub Uncovers Unusual Activity With Mr. D's Credit Requests

21. In November 2020, Goodyear alerted TireHub that Mr. D's was requesting an unusually high amount of credits, which did not correlate with reports received from TireHub and Goodyear customers regarding the tires that they purchased and services received.

22. TireHub's independent investigation confirmed Goodyear's suspicion that Mr. D's was receiving credits for tires and services Mr. D's did not deliver or perform.

23. To illustrate, one sales report sought credits for a total of 367 units of product 756-256-420 (mtl 17623) 315/80R225 Goodyear G291 "L," but TireHub's and Goodyear's sales records indicated that Mr. D's had purchased only 17 units of that particular product over the previous four-year period.

24. Additionally, investigation revealed that Mr. D's was requesting credits related to mileage and service charges for emergency road calls involving between 5-8 replacement tires. Taking such a large number of replacement tires on emergency calls is highly unusual given that these types of calls usually only require the replacement of one or two tires.

25. In addition, in May 2019, a representative from a major Goodyear account alerted Goodyear that it had been invoiced for over 300 hundred tires that it had never received. Mr. D's, however, had purchased these tires from TireHub and submitted sales reports for their delivery to that account.

26. As a result of TireHub's investigation, it determined that Mr. D's requested and received approximately $615,000 in credits that were not owed.

///

**TireHub Confronts Mr. D's**

27. When TireHub identified the discrepancies in Mr. D's credit requests, TireHub's regional manager for the Barstow area contacted Mr. D's owner, Larry Duffner, and alerted him to the issue. Specifically, in the late summer of 2020, the regional manager expressly informed Mr. Duffner that the amounts of Mr. D's credit requests were highly irregular.

28. In response, Mr. Duffner acknowledged that there was a problem and admitted to TireHub's regional manager that Mr. D's had recently terminated an employee who had been processing these transactions, and stated that he was "working on it."

29. On information and belief, Goodyear also reached out to Mr. Duffner, directly, and sent representatives to Mr. D's to address the problem. TireHub also offered multiple times to come to Mr. D's to assist, but Mr. Duffner refused these offers.

30. TireHub has requested that Mr. D's reimburse it for the credits wrongfully retained and return all outstanding inventory. Mr. D's, however, has refused to reimburse TireHub or return any inventory.

31. On information and belief, Mr. D's still retains significant volumes of unsold tires purchased from TireHub. Mr. Duffner, however, as of the date of this filing, refuses to return them.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**

32. TireHub adopts and incorporates the preceding paragraphs as though fully set forth herein.

33. Mr. D's agreed to purchase certain quantities of tires via TireHub's online purchasing system and phone calls in exchange for a promise to pay.

///

///

34. TireHub fully performed all of its material obligations under the agreements (purchase orders), including delivering the tires ordered by Mr. D's and providing Mr. D's with applicable credits.

35. Mr. D's materially breached its obligations under the agreements by submitting false credit requests that were inconsistent with the G3X Program. The result is that Mr. D's is unjustly enriched by having obtained (and retained) TireHub's tires without paying for them (or, at a minimum, paying an inaccurate amount).

36. Mr. D's materially breached its obligations by failing to pay TireHub for the tires it purchased. Thus, Mr. D's obtained products from TireHub for which Mr. D's either failed to pay or by otherwise obtaining false credits that wrongfully reduced the amount owed to TireHub.

37. Mr. D's breach of the agreements caused direct and proximate damage to TireHub resulting in TireHub's entitlement to damages in an amount to be determined at trial plus interest.

## SECOND CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

38. TireHub adopts and incorporates the preceding paragraphs as though fully set forth herein.

39. Mr. D's affirmatively represented that it had purchased certain quantities of tires and thus, was entitled to certain reimbursement credits for those purchases.

40. At the time, Mr. D's made these representations in its submissions to Goodyear's online portal without a reasonable basis for believing the accuracy of those representations of tires delivered and services performed. In fact, certain evidence indicates that Mr. D's intentionally and fraudulently misrepresented its delivery of tires and services to the National Accounts for the purpose of wrongfully receiving credits from Goodyear and TireHub that Mr. D's was not entitled to receive. Pending further investigation in this matter, TireHub reserves its right to amend these pleadings to allege fraudulent misrepresentation as discovery dictates.

41. Mr. D's intended for TireHub to rely on its representations and to provide reimbursement credits based on the represented number of purchased tires.

42. TireHub justifiably relied on Mr. D's representations and, accordingly, paid Mr. D's approximately $615,000 via application of reimbursement credits.

43. Accordingly, Mr. D's misrepresentations caused TireHub damage in the approximate amount of $615,000.

## THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW

44. TireHub adopts and incorporates the preceding paragraphs as though fully set forth herein.

45. The California Unfair Competition Law (the "UCL"), Business & Professions Code Section 17200, *et seq.*, prohibits any unlawful, unfair, or fraudulent business act or practice.

46. By way of the allegations set forth in this Complaint, Mr. D's acts, omissions, misrepresentations, and practices related to the credit requests constitute unlawful, unfair, reckless, and (on information and belief) fraudulent business acts and practices within the meaning of the UCL. Such acts and omissions were substantially injurious to TireHub.

47. Mr. D's erroneous reports of deliveries were either intended to deceive TireHub as to the amount of credits to which it was entitled, or were recklessly unfounded, such that Mr. D's had no reasonable basis for believing the accuracy of the represented quantities of purchased tires.

48. By reason of Mr. D's deceptive, unfair, unlawful, and/or otherwise wrongful conduct as alleged herein, Mr. D's has violated California Business & Professions Code §§ 17200, *et seq.* by developing, consummating, ratifying, and committing an unlawful, unfair, and deceptive business practice depriving TireHub of its rights, property, and money.

49. As a result, Mr. D's conduct damaged TireHub in the approximate amount of $615,000, at a minimum, plus interest.

## FOURTH CAUSE OF ACTION
## CONVERSION

50. TireHub adopts and incorporates the preceding paragraphs as though fully set forth herein.

51. Mr. D's wrongfully exercises control over TireHub's property (in the form of inventory comprised of tires purchased from TireHub).

52. TireHub rightfully possessed certain tires, which it sold to Mr. D's to either sell or deliver to third-parties pursuant to the G3X Program. TireHub provided the tires to Mr. D's on the basis that Mr. D's would sell or deliver them to third parties in exchange for cash or reimbursement credits from Goodyear and TireHub.

53. Mr. D's substantially interfered with TireHub's rightful property by knowingly and intentionally taking possession of the tires, preventing TireHub from gaining access to the tires, and refusing to return the tires after TireHub demanded their return.

54. TireHub does not consent to Mr. D's retention of unsold inventory, which Mr. D's has used to wrongfully obtain reimbursement credits from TireHub.

55. TireHub has been harmed in the amount of $615,000, at a minimum, plus interest. TireHub has also been harmed in an amount to be determined at trial for its inability to sell the relevant tires to other customers. TireHub also seeks injunctive relief in the form of an Order mandating that Mr. D's return all unsold inventory to TireHub, at Mr. D's cost, related to tires obtained with false credits or otherwise used to obtain false credits from TireHub.

56. Mr. D's conduct was a substantial factor in causing TireHub's harm.

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, TireHub respectfully requests that this Court aware TireHub:

    1.    Compensatory and consequential damages against Mr. D's, according to proof;

    2.    Attorneys' fees and costs;

    3.    Pre- and post-judgment interest;

    4.    Injunctive relief in the form of an Order mandating that Mr. D's return all unsold inventory to TireHub, at Mr. D's cost, related to tires obtained with false credits or otherwise used to obtain false credits from TireHub; and

    5.    Such other and further relief as the Court may deem just and proper.

DATED: June 28, 2021

K&L GATES LLP

By: *Caitlin C. Blanche* (signature)
Caitlin C. Blanche
Damon M. Pitt
David R. Osipovich (*pro hac vice* pending)
Jessica L.G. Moran (*pro hac vice* pending)

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff TireHub, LLC hereby demands a trial by jury on every issue on which it is so entitled.

DATED: June 28, 2021

K&L GATES LLP

By: *[signature: Caitlin C. Blanche]*
Caitlin C. Blanche
Damon M. Pitt
David R. Osipovich (*pro hac vice* pending)
Jessica L.G. Moran (*pro hac vice* pending)

*Attorneys for Plaintiff*