UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 21-1087 JGB (SPx)** | Date | February 2, 2022 |
|---|---|---|---|
| Title | *TireHub, LLC v. Mr. D's Tire Service, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order (1) GRANTING Plaintiff's Motion for Default Judgment (Dkt. No. 35); and (2) VACATING the February 7, 2022 hearing (IN CHAMBERS)**

Before the Court is Plaintiff's motion for default judgment. ("Motion," Dkt. No. 35.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the Motion, the Court GRANTS the Motion. The February 7, 2022 hearing is VACATED.

## I.   BACKGROUND

On June 28, 2021, Plaintiff TireHub, LLC ("Plaintiff" or "Tirehub") filed this action against Defendant Mr. D's Tire Service ("Defendant" or "Mr. D's Tire Service"). ("Complaint," Dkt. No. 1.) Plaintiff amended as of right on August 4, 2021 and added Lawrence E. Duffner as a Defendant ("Mr. Duffner"). ("FAC," Dkt. No. 14.) The FAC asserts four causes of action against Mr. D's Tire Service and Mr. Duffner (collectively, "Defendants"): 1) breach of contract; (2) fraudulent misrepresentation; (3) violation of Cal. Bus. & Prof. Code § 17200, et seq.; and (4) conversion. (FAC.)

On August 27, 2021, TireHub filed a proof of service of the summons and FAC for Mr. Duffner, who was personally served on August 16, 2021. (Dkt. No. 17.) Mr. Duffner failed to file a response within twenty-one days of being served, as required by the Federal Rules of Civil Procedure. That date was on September 6, 2021.

On October 6, 2021, Plaintiff requested entry of default against both Mr. Duffner and Mr. D's Tire Service. (Dkt. Nos. 21, 22.) The Clerk entered default as to Mr. Duffner on October 7, 2021. (Dkt. No. 24.) The Clerk filed a notice of deficiency as to Plaintiff's request for entry of default as to Mr. D's Tire Service because no proof of service was on file. (Dkt. No. 25.)

On November 15, 2021, TireHub filed a proof of service of summons and FAC as to Mr. D's Tire Service, which was served on October 25, 2021. (Dkt. No. 32.) Mr. D's Tire Service failed to file a response within twenty-one days of being served, as prescribed by the Federal Rules of Civil Procedure. That date was November 15, 2021.

TireHub requested entry of default as to Mr. D's Tire Service on November 16, 2021. (Dkt. No. 33.) The Clerk entered default against Mr. D's Tire Service on November 17, 2021. (Dkt. No. 34.)

TireHub filed this Motion on December 9, 2021. (Motion.) In support of the Motion, TireHub filed an affidavit by Patrick Goethe. (Dkt. No. 35-1.) TireHub served Mr. Duffner and Mr. D's Tire Service with the Motion on January 3, 2022. (Dkt. Nos. 36, 37.) No opposition was filed.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b) ("Rule 55(b)"), a court may order default judgment following the entry of default by the Clerk of the Court. Under Local Rule 55-1, a party moving for default judgment must also file a declaration that conforms to Rule 55(b) and sets forth the following information:

> (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Servicemembers Relief Act does not apply; and (5) that notice of the application has been served on the defaulting party, if required.

L.R. 55–1.

Whether to enter default judgment is within the sound discretion of the district court. Aldabe v. Aldabe, 616 F.2d 1089, 1092-93 (9th Cir. 1980). In Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set forth seven factors to consider when determining whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 ("Eitel factors"). Upon entry of default, the well-pleaded factual allegations of a complaint are deemed true; however, allegations pertaining to the amount of damages must be proven. TeleVideo Systems Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). A plaintiff is required to provide evidence of his damages, and a court may rely only on the declarations submitted by the plaintiff or order a full evidentiary hearing. Fed. R. Civ. P. 55(b)(2). Further, the damages sought must not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### III.  DISCUSSION

#### A.  Procedural Requirements

The Court finds that Plaintiff has satisfied the procedural requirements for entry of default judgment. Pursuant to Rule 55, Plaintiff did not petition for entry of default judgment until after the Clerk entered default against Defendants. (See Dkt. Nos. 21, 33.) The Clerk entered default against both Defendants. (Dkt Nos. 24, 34.) The Motion states that Defendants "are business entities, not infants or incompetent persons" and that the Servicemembers Civil Relief Act does not apply. (Motion ¶ 24.) Finally, the Defendants were served with the Motion. (Dkt. Nos. 36, 37.)[1]

#### B.  Eitel Factors

##### 1.  Possibility of Prejudice to Plaintiff

Plaintiff would suffer prejudice if the Court does not enter default judgement. As Defendants have not appeared in this action, a default judgment is the only method for Plaintiff to recover the reimbursement credits that Defendants improperly collected. (Motion at 4-5.) Absent a default judgment by this Court, Defendants will have avoided liability simply by not responding to Plaintiff's action. As such, this factor weighs in favor of default judgment. Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (finding the plaintiff would suffer prejudice absent entry of a default judgment because of the defendant's unwillingness to cooperate and defend against the claim).

##### 2.  Substantive Merits of Plaintiff's Claims

The second and third Eitel factors concern the merits of Plaintiff's substantive claims, and the sufficiency of the Complaint. Eitel, 782 F.2d at 1471-72. "The Ninth Circuit has suggested that these two factors require that a plaintiff 'state a claim on which the [plaintiff] may recover.'" PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002) (internal citation omitted). The FAC asserts four causes of action: (1) breach of contract; (2) fraudulent

---

[1] The Court cautions Plaintiff to **carefully** review Local Rule 55 requirements before it requests a court to grant a discretionary default judgment in Plaintiff's favor.

misrepresentation; (3) violation of Cal. Bus. & Prof. Code § 17200, et seq.; and (4) conversion. (FAC.)  Although Plaintiff seeks default on all claims, it appears to seek remedies only on its breach of contract claim.  Accordingly, the Court considers the sufficiency of that claim only.

### a. Breach of Contract

The elements of a claim for breach of contract are: (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damage to plaintiff as a result of defendant's breach.  Landstar Ranger, Inc. v. Parth Enterprises, Inc., 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (citations omitted).

First, TireHub alleges the existence of a contract.  TireHub is a national wholesale tire distributor.  (FAC ¶ 1.)  As part of a sales incentive program with Goodyear Tire & Rubber Company ("Goodyear"), Defendants purchased Goodyear brand tires through TireHub and purportedly delivered them to Defendants' customers.  (Id. ¶ 2.)  Defendants agreed to purchase specified quantities of tires through TireHub's online system and phone calls in exchange for a promise to pay.  (Id. ¶ 39.)  Defendants submitted sales reports to Goodyear requesting reimbursement credits.  (Id.)  Goodyear then sent those reports to TireHub.  (Id.)  On the basis of the reports, TireHub issued reimbursement credits to Defendants, which used the credits through the program to purchase more tires from TireHub.  (Id.)  Mr. Duffner prepared and authorized the reports.  (FAC, Ex. A.)  In November 2020, TireHub learned that Defendants' sales reports were inaccurate and customers never received the tires for which they were billed.  (FAC ¶ 3.)  Defendants improperly obtained at least $615,000 in reimbursement credits.  (Id. ¶ 4.)  The Court finds that these allegations are sufficient to state a breach of contract claim against Defendants.  Accordingly, this factor weighs in favor of default judgment.

### 3. Sum of Money at Stake

The fourth Eitel factor examines the amount of money at stake in the action relative to the gravity of the defendant's conduct.  PepsiCo, 238 F. Supp. 2d at 1176.  Here, Plaintiff seeks a monetary judgment of $615,096.21, plus costs and interests.  (Motion.)  Plaintiff does not specify in the Motion what amount of costs and interests it seeks to recover.  In Plaintiff's proposed judgment, Plaintiff requests the following amount:

- Principal Amount: $615,000.00
- Prejudgment interest (June 2019 – February 2022): $102,516.03
- Costs: "TBD"
- Total: $717,516.03 (plus costs)
- Post Judgment Interest: 10% per annum and will begin to accrue on the principal amount due beginning on the date judgment is entered.

(Proposed Judgment, Dkt. No. 35-2.)

Plaintiff asserts that all damages they seek are commensurate with what Defendants owe it under the contract. Plaintiff submits the affidavit of TireHub's Controller, Patrick Goethe. ("Goethe Affidavit," Dkt. No. 35-1.) Mr. Goethe's Affidavit includes an attached exhibit, "Reimbursement Credit Spreadsheet," (Ex. 1), which itemizes each of the invoices for which Defendants submitted fraudulent credit requests and the value of credits wrongfully obtained that corresponds with each invoice. (Goethe Affidavit ¶ 11.) The value of the wrongfully obtained reimbursement credits is at least $615,000. (Id. ¶ 10.)

Based on this evidence, the Court finds that the sum of money at stake is reasonable and proportionate to the harm suffered. Accordingly, the Court finds that this factor favors entry of default judgment as to $717,516.03. The Court declines to award costs where Plaintiff has failed to make the request or at least provide an estimate.[2]

### 4. Possibility of Dispute Concerning Material Facts

Upon entry of default, all well-pleaded factual allegations are deemed true—except those pertaining to damages. TeleVideo, 826 F.2d at 917; Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. Feb. 11, 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). Because Defendants have not appeared in this action or asserted any defenses, the Court finds it unlikely that disputes as to material facts will arise. Accordingly, this factor weights in favor of default judgment.

### 5. Whether Default Was Due to Excusable Neglect

Under this factor, the court must consider whether a defendant's default may have been due to excusable neglect. Eitel, 782 F.2d at 1472. This factor favors default judgment where the defendant has been properly served or the plaintiff demonstrates the defendant is aware of the action. Wecosign, Inc. v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). The Court finds that Defendants' default was not the product of excusable neglect. Both Defendants were properly served. (Dkt. Nos. 17, 32.) Moreover, Defendants were subsequently served with the Motion on January 3, 2022. (Dkt. Nos. 36, 37.) Accordingly, this factor favors entry of default judgment.

### 6. Policy Favoring Decision on the Merits

Generally, default judgments are disfavored because "[c]ases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472 (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). However, where a defendant fails to appear and respond, default judgment is appropriate. Wecosign, 845 F. Supp. 2d at 1083. Here,

---

[2] The Court notes that in its Proposed Judgment, Plaintiff requests "costs: TBD (per hearing)."

Defendants' failure to appear or defend against this action makes a decision on the merits impracticable. The Court concludes that this factor weighs in favor of default judgment.

In sum, all of the <u>Eitel</u> factors support granting default judgment. Accordingly, the Court GRANTS the Motion for default judgment.

### IV.   CONCLUSION

1. Judgment is entered in favor of Plaintiff TireHub, LLC and against Defendants Mr. D's Tire Service and Lawrence E. Duffner.

2. Plaintiff is AWARDED damages in the amount of $615,000.00 and prejudgment interest in the amount of $102,516.03.

3. Plaintiff is AWARDED post-judgment interest assessed at 10% per annum, to accrue on the principal amount due beginning on the date judgment is entered.

4. Defendants Mr. D's Tire Service and Lawrence E. Duffner shall be jointly and severally liable for the amount of damages and costs.

5. Plaintiff TireHub is ORDERED to mail a copy of this Order and the judgment concurrently filed therewith to Defendants Mr. D's Tire Service and Lawrence E. Duffner, and file Proof of Service with the Court within ten days of this Order.

6. The February 7, 2022 hearing is VACATED.

7. The Clerk is directed to close the case.

**IT IS SO ORDERED.**